# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-00146-MSK-BNB

AMANDA S. THOMPSON,

    Plaintiff,

v.

SUNRISE SENIOR LIVING, INC.,

    Defendant.

`_____

## STIPULATED PROTECTIVE ORDER
_____

    Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Amanda Thompson and Defendant Sunrise Senior Living, Inc. ("Sunrise") agree as follows:

    WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

    WHEREAS, certain materials obtained in the course of discovery constitute or contain personal, private, confidential, proprietary, or commercial information, as more fully discussed below;

    WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order regarding confidential discovery materials as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

    WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

1. The parties in the above-captioned matter, and their respective counsel and Authorized Persons, shall be bound by this Protective Order with respect to medical, psychological, disability, financial and related information relating to a party, including but not limited to all records and information obtained by way of authorizations provided by a party, answers to interrogatories and requests for admission, requests for production, deposition testimony, medical and/or psychological or related records in the possession of a party, including all such information produced by the parties (known collectively as "Confidential Information" as further defined in paragraphs 9-10 herein below), as follows:

2. "Confidential Information" in the possession of or produced by Defendant(s) or any of Defendant(s) agents or representatives concerning Plaintiff(s) shall be treated as and designated as confidential.

3. "Confidential Information" produced by Plaintiff(s) concerning himself or herself shall be treated as and designated as confidential, including but not limited to all information which Defendant(s) may obtain as a result of authorizations provided by Plaintiff(s).

4. A party may object to the designation of particular "Confidential Information" by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion

requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

     5.    "Confidential Information" shall be used for the sole, strict and limited purpose of the preparation and trial of this action, or appeal therefrom (Except that the records of the Defendant(s) relating to Plaintiff(s) shall remain subject to utilization for all purposes for which the Defendant(s) is/are or may be currently entitled to the utilization thereof, including as a healthcare provider and/or facility, if that is the case). "Confidential Information" may be filed with the Court and utilized as exhibits. "Confidential Information" shall not be disclosed, shown, or read to any person except as provided herein. "Confidential Information" may be disclosed only to the following persons ("Authorized Persons"):

     a.    Parties;

     b.    Counsel for Parties and the members, associates, and employees of that counsel's law firm;

     c.    Independent experts retained by counsel for the parties who assist in this litigation;

     d.    Potential witnesses and deponents and attendees of depositions;

    e. Insurers or professional associations or governmental authorities;

    f. Court reporters; and

    g. Any other individuals or entities as may be deemed reasonably necessary by Counsel for the Disclosing Party.

Counsel providing Authorized Persons with documents or information to review shall inform each Authorized Person of the existence and terms of this Protective Order.

  6. Upon final termination of this action, whether by judgment, settlement, or otherwise, the terms of this Protective Order shall continue in full force and effect in regard to Confidential Information.

  7. If testimony concerning "Confidential Information" is elicited at a deposition, the related portions of such deposition transcripts will be treated as "Confidential Information" in accordance with this Protective Order.

  8. Counsel for the parties shall retrieve all copies of "Confidential Information" from any person to whom the information has been given, to the extent that such Counsel is reasonably able to do so.

  9. With respect to information other than medical, psychological, disability, financial and related information, a party may designate other information as "Confidential" to which the terms of this Protective Order shall apply. When a party desires to identify such information as "Confidential" and subject to this Protective Order, it must do so by placing a "Confidential" label on an applicable document, or otherwise explicitly refer to the document or information (including electronic information) as "Confidential" and subject to this Protective Order. Before designating information other than medical, psychological, disability, financial and related information as "Confidential," a party's counsel must review the information and

certify that the Confidential designation is based on the counsel's good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

10. For all purposes of this Protective Order, "Confidential information" is not intended to encompass or include any information otherwise obtained or obtainable by any party from the public domain at the time that the party obtains the information, but rather applies only to information provided by a party that was not otherwise already obtainable in the public domain at the time provided.

11. For purposes of any hearing or trial, the parties shall work together to collectively seek leave of the Court for purposes of effectuating a method acceptable to the Court for the utilization of any and all materials to which this Protective Order pertains at such trial or hearing; or any party hereto may petition the Court for such purposes unilaterally, in the event the parties are unable to mutually agree. However, the parties understand and agree that this Protective Order is not intended to, and shall not be used to deprive any party hereto from the use of any and all confidential information at any proceedings which may occur in this case, including hearings and trial(s).

SO ORDERED.

Dated June 17, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

| | |
|---|---|
| *s/ Andrew T. Brake* | *s/ Burkeley N. Riggs* |
| Andrew T. Brake | MOYE WHITE LLP |
| Brian L. Lewis | Burkeley N. Riggs #29822 |
| ANDREW T. BRAKE, P.C. | Elizabeth H. Getches #34898 |
| 777 E. Girard Avenue, Suite 200 | 16 Market Square, 6th Floor |
| Englewood, CO 80113-2767 | 1400 16th Street |
| Telephone: (703) 714-7400 | Denver, Colorado 80202 |
| Facsimile: (703) 714-7410 | Telephone:  (303) 292-2900 |
| **ATTORNEYS FOR PLAINTIFF** | Facsimile:   (303) 292-4510 |
| | |
| | HUNTON & WILLIAMS LLP |
| | Thomas P. Murphy |
| | Emily L. Aldrich |
| | 1751 Pinnacle Drive, Suite 1700 |
| | McLean, Virginia 22102 |
| | Telephone:  (703) 714-7400 |
| | Facsimile:   (703) 714-7410 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |